UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOUIS DeLUCA,

                Plaintiff,

          against-
                                                        **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
RAYMOND MARRERO (Shield 25173), and        **JURY TRIAL DEMANDED**
OFFICER JULIO C. SANTANA (Shield 21106),

                Defendants.
------------------------------------------------------------------------X

Plaintiff **LOUIS DeLUCA**, by his attorneys, Shafran & Mosley P.C. and Stephen C. Jackson, Esq.., for his complaint alleges, on information and belief, as follows:

### NATURE OF THE ACTION

     1. This is an action to recover money damages arising out of defendants' violation of plaintiffs rights under the Constitution and laws of the United States and the State of New York, as a result of a brutal beating of plaintiff by officers of the New York City Police Department (NYPD) in the parking lot of the 52º police precinct in the Bronx Plaintiff was handcuffed and helpless. The beating resulted in staples to close a massive wound on his scalp and a concussion. Plaintiff to this day continues to suffer from migraine headaches and other injuries as a result.

### JURISDICTION AND VENUE

     2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

     3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

     4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

**PENDENT JURISDICTION**

5. This Court also has jurisdiction over plaintiffs state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On April 10, 2009, within ninety days after the claims alleged in this complaint arose, a Notice of Claim verified by plaintiff was duly served o comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of plaintiffs Notice of Claim, and adjustment or payment of the claim has been neglected or refused by Defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening the events up which plaintiff's claims are based.

**PARTIES**

9. Plaintiff Louis DeLuca is a citizen of the United States and a resident of the State of New York. He is employed and has no criminal record of any kind. He served as an Auxiliary Police Officer in the 52ºd Precinct, in approximately 2002, for approximately a year.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

11. Defendant City of New York operates the NYPD, a department or agency of Defendant City of New York responsible for the appointment, training, supervision, and discipline of police officers.

12. At all times relevant herein, defendants Marrero (shield 25173) and Santiago (shield21106) were employees of the NYPD, assigned to the 52ºd precinct in the Bronx.

13. At all times relevant herein, defendants Marrero and Santiago were acting as agents, servants and employees of defendant City of New York.

14. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

15. On January 14, 2009, shortly after 8:00 P.M., in the parking lot of the 52nd Precinct, 3016 Webster Avenue, plaintiff Louis DeLuca was viciously brutalized by defendants.

16. Plaintiff initially encountered defendants Marrero and Santiago at 204th Street and Decatur Avenue in the Bronx.

17. Upon the officers' arrival, plaintiff asked them to pursue an individual with whom he had been engaged in an altercation, an individual who had fondled his brother's girlfriend and had then fled the scene

18. The officers instead arrested plaintiff.

19. The officers physically abused plaintiff after he was already handcuffed, but his principal injury was not inflicted at that time

20. Although plaintiff protested the arrest verbally, at no time did he physically resist arrest or assault the officers.

21. Defendants placed plaintiff in a police car and drove him to the 52°d Precinct.

22. At least three witnesses observed plaintiffs condition at the time he entered the police car. The witnesses observed that plaintiffs only visible injuries at that

time were a swollen eye and a bite mark on his neck, both derived from his altercation with the bite mark on his neck, both derived from his altercation with the individual who had fondled his brother's girlfriend.

23. The witnesses observed that plaintiff did not have a gash on his head and was not bleeding from his head.

24. When plaintiff exited the police car in the precinct parking lot of the $52^{nd}$a precinct, while he was hand cuffed and helpless, Marrero struck plaintiff on the head with a metal baton.

25. As a result plaintiff began bleeding profusely from his head, and blood rushed all over his face.

26. Marrero later admitted to plaintiff that did this solely because he felt that plaintiff had been disrespectful.

27. Santiago stood idly by, did nothing to prevent the assault, and did not report it to his supervisors.

28. Two of the witnesses who had observed plaintiff in the police car at 204th Street near Decatur Avenue with only minor injuries went to the 52nd precinct, whereupon these witnesses observed that plaintiff was now bleeding profusely from his head with blood running over his face.

29. Emergency Medical Services was called and took plaintiff Louis DeLuca to North Central Bronx Hospital, where he received approximately 12 staples to his head. He suffered a concussion and had blurry vision. His doctors are still monitoring the full extent of his injuries, including possible permanent brain damage. At the very minimum he suffers from severe migraine headaches, a condition not experienced before incident.

30. To cover up his brutality, Marrero maliciously and falsely charged plaintiff with assaulting a police officer -- a felony -- and resisting arrest. He claimed that Santiago's hand had been broken in a struggle with plaintiff, when in fact Santiago was injured when he slipped on ice of his own accord. Significantly, Marrero's sworn complaint specifies that plaintiffs alleged conduct in assaulting an officer and resisting arrest took place solely on the street, at 204th Street near Decatur 4 Avenue -- not in the police car, the precinct parking lot or the precinct

31. Since three witnesses saw plaintiff in the police car with only minor injuries, and the charges of assaulting an officer and resisting arrest specify that the alleged conduct took place solely at on 204th Street near Decatur Avenue, defendants cannot claim that plaintiff sustained the massive injury to his head because of any conduct by him course of the alleged assault upon an officer or resisting arrest.

32. Plaintiff was allowed plead guilty in Bronx Supreme Court solely to disorderly conduct, a mere violation, for having caused public annoyance and alarm on 204th Street near Decatur Avenue -- i.e., conduct unrelated to anything that happened thereafter. His sentence was a mere conditional discharge with 3 days community service.

## FIRST CLAIM FOR RELIEF

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32.

34. Defendants, by using grossly unnecessary and excessive force upon plaintiff, violated plaintiffs rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I, § § 5, 6, 11 and 12 of the Constitution of the State of New York, and was otherwise damaged and

injured in the sum of $1,000,000.00.

.

## SECOND I FOR RELIEF

35. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-through 34.

36. The acts complained of by plaintiff herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise and discipline its police officers.

37. The failure of the City of New York and the NYPD properly to select, train, supervise and discipline its police officers constitutes gross and deliberate indifference to brutal and unconstitutional conduct by its police officers.

38. The official policies, practices and customs of the City of New York and the NYPD alleged in ¶¶ 1-32, 34 and 36-37 violated plaintiffs rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments t o the Constitution of the United States, and Article I, § § 5, 6, 11 and 12 of the Constitution of the State of New York, and was otherwise damaged and injured in the sum of $1,000,000.00.

.

## THIRD CLAIM FOR RELIEF

39. Plaintiff repeats and realleges the allegations contained in ¶¶ 1 through 38.

40. The conduct toward plaintiff alleged herein constituted aggravated assault and battery, and the intentional, willful and malicious infliction of severe physical, mental and emotional distress.

41. The conduct toward plaintiff alleged herein subjected plaintiff to severe pain and suffering, trauma, debasement, fright, fear, humiliation, and embarrassment, and was

otherwise damaged and injured in the sum of $1,000,000.00.

.

## FOURTH CLAIM FOR RELIEF

42. Plaintiff repeats and realleges allegations contained in ¶J 1 through 41

43. At all times relevant herein, defendants Marrero and Santiago were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 5, 6, 11 and 12 of the Constitution of the State of New York, and was otherwise damaged and injured in the sum of $1,000,000.00.

.

## FIFTH CLAIM FOR RELIEF

**PENDENT CLAIM OF GROSS NEGLIGENCE AND NEGLIGENCE**

44.     That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" of this complaint, with the same force and effect as if fully set forth herein.

45.     The defendants have been grossly negligent and negligent in supervising, training, and monitoring of their representatives who consult with and counsel police officers who are witnesses to crimes and misconduct by their fellow officers.

46.     By virtue of the unique public safety considerations implicated by police violence, its pivotal role in official investigation of police misconduct, and its expressed undertakings rules and regulations, the City and the individual defendants have a duty to make sure their agents and/or employees, who are also police officers, do not violate their duties as police officers to report crimes and misconduct by fellow officers.

47. The City and the individual defendants have been grossly negligent and negligent in the instruction and training they provide to their police officers regarding their responsibilities to report crimes or misconduct by other police officers.

48. That the City and the individual defendants have been on notice for many years that their representatives have played a role in the improper obstruction of criminal investigations of NYPD police officers.

49. That the City and the individual defendants knew or should have known that their policies and practices have contributed to improper concealment of admissions by police officers, and a "blue wall of silence" being followed by police officers to cover up crimes and misconduct.

50. The City and the individual defendants knew or should have known that their policies and practices, as well as their grossly negligent and negligent supervision and training, created an atmosphere where the most violent police officers felt assured that their most brazen acts of misconduct would be swiftly and effectively investigated and prosecuted.

51. That the mistreatment and torture of plaintiff previously set forth, and the subsequent cover up of those events, were reasonably foreseeable results of the City's and the individual defendants' negligent conduct.

52. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $1,000,000.00.

**A SIXTH CLAIM FOR RELIEF**

**PENDENT CLAIM OF ASSAULT AND BATTERY**

53. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" of this complaint, with the same force and effect as if fully set forth herein.

54. That defendants willfully caused plaintiff apprehension, non-consented to harmful and hurtful contact and physical harm. That the aforementioned actions of the defendants constitutes assault and battery.

55. That the said acts of defendants were willful, unjustified, unwarranted, unprovoked and unwanted and were motivated solely by a desire to harm plaintiff without regard for plaintiffs' wellbeing or any lawful purpose.

56. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $1,000,000.00.

## A SEVENTH CLAIM FOR RELIEF

**PENDENT CLAIM OF NEGLIGENT HIRING AND RETENTION**

57. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" of this complaint, with the same force and effect as if fully set forth herein.

58. That defendants were negligent in the hiring and retention of the named defendant officers. That the aforementioned actions of the defendants constituted negligent hiring and retention.

59. By reason of the foregoing, plaintiff was deprived of his liberty, confined,

and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $1,000,000.00.

**AN EIGHTH CLAIM FOR RELIEF**

**PENDENT CLAIM OF FOR NEGLIGENCE FOR FAILING TO CARE, PROTECT, AND OBTAIN MEDICAL TREATMENT**

60.     That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" of this complaint, with the same force and effect as if fully set forth herein.

61.     As New York City police officers defendants had a duty to care, protect, and obtain medical treatment for plaintiff while in their custody.

62.     That defendants knew or should have known about the severe injuries plaintiff had suffered and were negligent in their failure to protect him from further injury and their failure to prevent an unconscionable and unnecessary denial and delay in medical treatment and transport to a hospital.

63.     That defendants were negligent in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody and issuing a summons and subsequent interaction and direction to plaintiff to not to go to the hospital or report the matter to the police .

64.     That defendants failed to comply with police custom, practice and usage as

well as the NYPD Patrol Guide in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody.

    65. By reason of the foregoing, plaintiff was assaulted, deprived of his liberty, was confined, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $1,000,000.00.

    WHEREFORE, the plaintiff demands judgment against the defendant:

    a) In the first cause of action in the sum of $1,000,000.00;

    b) In the second cause of action in the sum of $1,000,000.00;

    c) In the third cause of action in the sum of $1,000,000.00;

    d) In the fourth cause of action in the sum of $1,000,000;

    e) In the fifth cause of action in the sum of $1,000,000.00;

    f) In the sixth cause of action in the sum of $1,000,000.00;

    g) In the seventh cause of action in the sum of $1,000,000.00;

    h) In the eighth cause of action in the sum of $1,000,000.00 as well as reasonable attorney fees and punitive damages. And for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
      January 10, 2010

                                      SHAFRAN AND MOSLEY, P.C.
                                      Attorney for Plaintiff

        350 Fifth Avenue, Suite 2310
        New York, New York 10118
        (212) 631-7000

        _____
        Kevin L. Mosley

        STEPHEN C. JACSON, ESQ.
        OF COUNSEL
        350 Fifth Avenue, Suite 2310
        New York, New York 10118
        212-643-2394

        _____
        Stephen C. Jackson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOUIS DeLUCA

       Plaintiff,

   against-

                  **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
RAYMOND MARRERO (Shield 25173), an  d  **JURY TRIAL**
**DEMANDED** OFFICER JULIO C. SANTANA (Shield 21106)
       Defendant.
------------------------------------------------------------------------X


           **SHAFRAN & MOSLEY, P.C.**
           **Attorney for Plaintiff**
           **350 Fifth Avenue, Suite 2310**
           **New York, New York 10118**
           **(212) 631-7000**

           **STEPHEN C. JACKSON, ESQ.**
           **OF COUNSEL**
           **350 Fifth Avenue, Suite 2310**
           **New York, New York 10118**
           **(212) 643-2394**